UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET L. COVERT, | ) |
| PLAINTIFF, | ) ) ) |
| vs. | ) CASE NO. 14-CV-209-FHM ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Janet L. Covert, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Janet L. Covert's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Edmund C. Werre was held on October 11, 2012. By decision dated November 28, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 27, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 47 on the date of the denial decision. Plaintiff has a twelfth grade education and some college hours. Past work experience includes customer service representative and insurance claims adjuster. Plaintiff claims to have become disabled as of July 12, 2011[2] due to degenerative back disease, osteoporosis, depression, anxiety, and a broken right foot. [R. 178].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to a seizure disorder; degenerative disc disease; fibromyalgia; depression; and anxiety. [R. 10]. The ALJ determined that Plaintiff has the residual functional capacity to perform a range of light work with no more than the occasional lifting up to 20 pounds, no more than the frequent lifting

---

[2] Plaintiff amended her onset date of disability from May 15, 2010 to July 12, 2011. [R. 32].

or carrying up to 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday; no exposure to temperature or humidity extremes similar to the reasonably clean air environment of a hearing room; or hazards such as unprotective heights; being around dangerous moving machinery; or operation of motorized vehicles. Plaintiff is able to understand, remember, and carry out simple and some complex instructions, and able to relate and interact with coworkers and supervisors on a work-related basis only with no or minimal interaction with the general public. Plaintiff can adapt to a work situation with these limitations/restrictions and her medications would not preclude her from remaining reasonably alert to perform required functions presented in a work setting. [R. 13].

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly consider the opinion of the treating physician.

## Analysis

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 42 U.S.C. §§ 404.1527, 416.927. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion. *McGoffin v. Barnhart*, 288 F.3d,

1248, 1252, (10th Cir. 2002). In determining what weight to give a medical opinion not given controlling weight, an ALJ must consider (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree the opinion is supported by medical evidence; (4) consistency between the opinion and the record; (5) whether the physician specializes in the area on which the opinion is given; and (6) any other factors to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

Dr. W. Craig Cook, M.D., treated Plaintiff from February 19, 2010, through October 22, 2012. On September 17, 2012, Dr. Cook completed a *Medical Source Statement of Ability to Do Work-Related Activities (Physical)* opining that during an 8-hour work day Plaintiff could: occasionally lift and/or carry (including upward pulling) 10 pounds; frequently lift and/or carry (including upward pulling) 10 pounds; stand and/or walk less than 2 hours in an 8-hour workday; sit less than 6 hours in an 8-hour workday; pushing and/or pulling is limited in lower extremities due to degenerative spine disease, sciatica, and fibromyalgia. Functional limitations included the inability to climb (ramps, stairs, ladders, rope, scaffold), balance, kneel, crouch, crawl, or stoop. Dr. Cook did not include manipulative limitations. However, visual limitations (seeing, hearing, speaking) and difficulty in attention and concentration were applicable only when Plaintiff was having a seizure. Environmental limitations were included because they could provoke seizures. [R. 680-683]. The ALJ's RFC did not include many of Dr. Cook's limitations

The ALJ stated he gave little weight to Dr. Cook's opinion because it conflicted with his own treatment records and was inconsistent with the other substantial evidence of record. [R. 18]. Plaintiff argues that the ALJ erred by failing to determine whether Dr.

4

Cook's opinion was well supported by acceptable clinical and diagnostic techniques. The ALJ noted he evaluated Plaintiff's claims of fibromyalgia in accordance with the Social Security Ruling (*SSR*) 12-2p. He noted that Dr. Cook's records infrequently mentioned fibromyalgia and did not contain diagnostic trigger point findings. [R. 15]. Dr. Cook's voluminous treatment notes do not contain any range of motion examinations. He did not place any functional limitations on Plaintiff's physical activities that would preclude her from performing light work activity. Further, the ALJ noted the *Medical Source Statement* was based on Plaintiff's subjective answers. [R. 18]. Plaintiff testified that when completing the *Medical Source Statement*, Dr. Cook asked her how much she could lift, how long could she be on her feet, how long could she sit, and about her ability to balance, kneel, and crouch. [R. 44]. The court finds that the ALJ gave sufficient reasons for the weight he accorded Dr. Cook's opinion about Plaintiff's physical abilities.

On September 17, 2012, a *Medical Source Statement of Ability to Do Work-Related Activities (Mental)* was completed by Dr. Cook who concluded that Plaintiff had extreme limitations in her ability to understand, remember and carry out instructions "with seizure." Dr. Cook noted Plaintiff had moderate limitations in her ability to interact appropriately with the public, supervisors, and co-workers, and respond appropriately to usual work situations and to changes in a routine work setting. Dr. Cook listed the factors he relied on to support his mental assessment: "anxiety/stress, smells, certain taste provoke seizures and these are gradually worsening, and medications have not controlled these adequately." [R. 684-686]. The ALJ determined:

5

> Dr. Cook is not a mental health professional; he is a general practitioner. He has only prescribed medication and thus, an opinion regarding the claimant's mental limitations is beyond his purview. Interestingly, on June 18, 2010, Dr. Cook recommended that the claimant get out of the house and recommended volunteer work (Exhibit 9F, page 127). As noted in detail above, the claimant has never sought or received treatment from a mental health professional other than three times in 2008, once in 2010, and once in 2011 (Exhibit 7F). ....While the undersigned has carefully considered Dr. Cook's opinion, it is given no weight because he is not a mental health professional.

[R. 18].

Plaintiff argues that the ALJ erred in not giving Dr. Cook's opinion controlling weight because he "is not a mental health professional." It is evident that Dr. Cook's lack of specialty in mental health is not the only basis for rejecting his opinion. The ALJ noted Dr. Cook recommended Plaintiff get out of the house and volunteer her time, [R. 510], which are contrary to the mental limitations in his opinion. The ALJ also noted Plaintiff did not receive treatment from a mental health professional on a regular or consistent basis and that Dr. Cook only prescribed medication. Dr. Cook's opinion was inconsistent with the opinions of the two reviewing Disability Determination Services (DDS) consulting psychologists. Both DDS psychologists were of the opinion that Plaintiff could adapt to a work situation, was capable of performing simple work tasks with routine supervision, and could not relate to the general public, but could relate to supervisors and peers on a superficial work basis. [R. 348-365; 663].

The court finds that the ALJ considered appropriate factors in his rejection of Dr. Cook's opinion and that the ALJ's decision is supported by substantial evidence.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 4th day of September, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE